UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN PRESTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 C 0136 |
| | ) |
| v. | ) District Judge Rebecca R. Pallmeyer |
| | ) |
| UNKNOWN CHICAGO POLICE OFFICER # 1, UNKNOWN CHICAGO POLICE OFFICERS, and THE CITY OF CHICAGO, | ) Magistrate Judge Susan E. Cox |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

John Preston filed this civil rights action against the City of Chicago and multiple unknown City of Chicago police officers. In an effort to discover the identities of the unknown officers, Preston has filed the instant motion to compel the production of Independent Police Review Authority ("IRPA") investigation documents related to Preston's complaint. IPRA, which is not a party to this lawsuit, opposes the motion on the grounds that the documents fall under the law enforcement investigatory privilege. We grant the motion [dkt. 27] but order that the documents be produced on an "attorneys' eyes only" basis.

I.   **Background**

This lawsuit arises out of events that occurred on the evening of December 24, 2009 and early morning of December 25, 2009.[1] On December 24, Preston attended a Christmas Eve party

---

[1] Compl. ¶ 10.

at a banquet hall located at 5660 West Grand, Chicago, Illinois, known as Major Hall.[2] Preston alleges that at some point during the evening the police were called to Major Hall because a fight broke out.[3] However, Preston maintains that he was not involved in any fights.[4] Around 12:45 a.m., Preston left the party.[5] Preston alleges that as he was walking towards his car, an unknown City of Chicago police officer grabbed him by the neck from behind, wrapped his foot around Preston's ankle, slammed Preston against a parked car, and stated, "I told you to leave the scene."[6]

Preston alleges that due to the force, Preston broke his knee cap and tore his medial collateral ligament (MCL).[7] Preston alleges that the officer then told him to the leave the scene.[8] When Preston responded that he had hurt his leg, the officer walked away.[9] Preston further alleges that there were approximately five additional City of Chicago police officers in the immediate vicinity, and that none of these officers called an ambulance or otherwise provided medical assistance to Preston.[10] At no time during this incident, according to Preston, was he arrested or issued any sort of citation.[11] Furthermore, the officers did not provide any contact or identification information.[12]

On January 6, 2010, Preston filed an excessive force complaint with IPRA.[13] IPRA then initiated an investigation and has been working with the Cook County State's Attorney's Office in determining whether criminal charges will be filed against the officers for the alleged conduct.[14]

---

[2] Compl. ¶ 9.
[3] Compl. ¶ 10.
[4] *Id.*
[5] Compl. ¶ 11.
[6] Compl. ¶ 12.
[7] Compl. ¶ 13.
[8] Compl. ¶ 14.
[9] Compl. ¶ 14-15.
[10] Compl. ¶¶ 13,15.
[11] Compl.¶ 16.
[12] *Id.*
[13] IPRA's Resp., Exh. 1, Aff. of George Roberts ¶ 3.
[14] IPRA's Resp., Exh. 1, Aff. of George Roberts ¶¶ 3-6.

Information relating to this investigation is contained in IPRA Complaint Log Number 1032970.[15]

On January 9, 2010, Preston filed an eight count complaint against the City of Chicago and the unknown officers involved in the incident.[16] Four of the counts are federal claims brought pursuant to the Civil Rights Act of 1871[17]: (1) unlawful seizure; (2) excessive force; (3) failure to intervene; and (4) failure to provide medical attention. Additionally, Preston alleges four claims under Illinois state law: (1) intentional infliction of emotional distress; (2) assault; (3) battery; and (4) an indemnity claim brought pursuant the Local Governmental and Governmental Employees Tort Immunity Act.[18]

## II. Discussion

Preston now seeks disclosure of IPRA Complaint Log Number 1032970. IPRA opposes this motion arguing that the investigatory privilege applies to the documents requested. Specifically, IPRA argues that the documents relate to an open, ongoing investigation and that disclosure of the documents would interfere with IPRA's investigation.

Federal Rule of Civil Procedure 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."[19] To be deemed relevant for purposes of discovery, the information need only appear "reasonably calculated to lead to the discovery of admissible evidence."[20] Generally, therefore, Rule 26 creates a presumption in favor of discovery. A "qualified privilege" that can overcome this presumption is the law enforcement investigatory privilege.[21]

---

[15] IPRA's Resp., Exh. 1, Aff. of George Roberts ¶ 3.
[16] Dkt. 1.
[17] 42 U.S.C. § 1983.
[18] 745 ILCS 10/9-102.
[19] Fed. R. Civ. P. 26(b).
[20] *Id.*
[21] *Padilla v. City of Chicago*, No. 06 C 5462, 2009 WL 4891943, at *1 (N.D. Ill. Dec. 14, 2009) (citing *Kampinen v. Individuals of Chicago Police Dep't*, No. 00 C 5867, 2002 WL 238443, at *4 (N.D.Ill. Feb.19, 2002)).

The purpose of the law enforcement investigatory privilege "is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation."[22] In determining whether the privilege applies, courts balance "the need of the litigant who is seeking privileged investigative materials-against the harm to the government if the privilege is lifted."[23] The party claiming the privilege bears the burden of justifying its application.[24] Therefore, before a court will apply the balancing test, "the responsible official in the [governmental] department [asserting the privilege] must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege."[25] With these principles in mind, we turn to Preston's motion.

IPRA argues that the law enforcement investigatory privilege applies in this case because its investigation is still ongoing and the Cook County State's Attorney's Office has not yet determined whether it will bring criminal charges against any officers for the alleged conduct. For support, IPRA submitted an Affidavit of George Roberts, a supervising investigator of IPRA.[26] However, IPRA's response brief and Mr. Roberts' affidavit make mostly general arguments that disclosure of the file would undermine the current investigation. The only specific issue raised by IPRA and Mr. Roberts is that some witnesses and potential defendant officers have not yet been

---

[22]*Lewis v. City of Chicago*, No. 04 C 3904, 2004 WL 2608302, at *1 (N.D.Ill. Nov.16, 2004) (quoting *In re Dept. of Investigation of New York*, 856 F.2d 481, 485 (2d Cir.1988))
[23]*Lewis,* 2004 WL 2608302 at *2.
[24]*Id.*
[25]*Id. (*quoting *Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041, *4 (N.D.Ill., Nov.13, 1997)).
[26]IPRA's Resp., Exh. 1, Aff. of George Roberts.

interviewed, and if information about the investigation became public, future interviews with these individuals could become tainted.

However, this precise argument, with respect to written requests for open IPRA Complaint Register files, was made in a similar case before this district.[27] In *Santiago v. City of Chicago*, Magistrate Judge Nolan found that releasing investigation files under an "attorneys' eyes only" protective order would prevent the disclosure of sensitive information to witnesses not yet interviewed.[28] Like in *Santiago*, permitting Preston's counsel to view the investigation files on an attorneys' eyes only basis will allow for the discovery of "potentially relevant information and at the same time, shield witness statements from disclosure to the accused officers and other witnesses who have not yet been interviewed as well as protect the privacy interests of individuals involved in the investigation and the confidentiality of sources and witnesses"[29]

With this concern resolved, we believe IPRA's general argument that the ongoing investigation will be undermined is insufficient to overcome Rule 26's presumption in favor of disclosure. As stated earlier, courts require specific reasons as to why information falls under the investigatory privilege. We do not believe that is present here. Furthermore, the argument that the information contained in the file will not be useful to the plaintiff is equally vague and unavailing.

Finally, IPRA argues that in addition to the law enforcement investigatory privilege, the Court should prevent disclosure of the file based on Rule 26(c)(1)(A), which permits the Court to issue a protective order forbidding disclosure for good cause.[30] However, as already discussed, we do not believe there is good cause for a protective order forbidding disclosure of the entire file. We

---

[27] *Santiago v. City of Chicago*, 09 C 3137, 2010 WL 1257780 (N.D. Ill. Mar. 26, 2010).
[28] 2010 WL 1257780, at *5.
[29] *Id.*
[30] Fed. R. Civ P. 26(c)(1)(A).

believe the attorneys' eyes only protective order will prevent any potential problems created by the disclosure of this information.

### III. Conclusion

For the foregoing reasons, Preston's motion to compel is granted with the understanding that the IPRA file, Complaint Log Number 1032970, will be produced on an attorneys' eyes only basis [dkt. 27].

**IT IS SO ORDERED**.

**ENTERED: August 16, 2010**

**UNITED STATES MAGISTRATE JUDGE**
Susan E. Cox